IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | : |
| Plaintiffs, | : |
| vs. | : 5:04-CV-119 (CAR) |
| KIMBERLY KELLEY, | : |
| Defendant. | : |

### ORDER ON PLAINTIFF'S SECOND MOTION TO LIFT STAY

Presently before the Court is Plaintiff's Second Motion to Lift Stay [Doc 61] in which Plaintiff moves this Court to lift the stay imposed on this case by the Court in its April 5, 2005 Order. The Court stayed this case pursuant to Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137 (1995), until resolution of the parallel state court action, *Kimberly Kelley v. Great Southern Manufactured Homes, et al.*, Civil Action File Number 2002-V-32791, currently pending in the State Court of Houston County. The Court denied [Doc 56] Plaintiff's first Motion to Lift Stay [Doc 54] stating that Plaintiff had failed to establish a sufficient amount in controversy to confer upon this Court subject matter jurisdiction over the case. Through the motion at bar, Plaintiff attempts to establish that the Court's jurisdictional concerns are met. Defendant argues that Plaintiff has not established the jurisdictional amount in controversy and that the stay should not be lifted. The Court agrees that the stay should not be lifted. For the following reasons, Plaintiff's motion is **DENIED**.

1

**BACKGROUND**

This case is a declaratory judgment action wherein Plaintiff Auto-Owners Insurance Company ("Auto-Owners") seeks a ruling that the claims asserted by Defendant Kimberly Kelley ("Kelley") in the underlying state court action are not covered under the insurance policy issued by Auto-Owners.  In the underlying state court action, Kelley and her husband brought suit in the State Court of Houston County seeking damages arising out of a defectively designed manufactured home they purchased in October 1997 from Horton Homes, Inc. ("Horton Homes") through its dealer Great Southern Manufactured Homes, Inc. ("Great Southern").  On December 17, 2002, Kelley filed the state court action against Horton Homes, Great Southern and the person who installed their home, Tony Eason d/b/a Tony's Setup & Service.  Auto-Owners insured Great Southern pursuant to a commercial general liability policy and a garage liability policy with a policy period on each policy from August 19, 1996 to August 19, 1997.  Auto-Owners is not a named defendant and has not intervened in the underlying state court action.

Over one year after Kelley and her husband filed the underlying state court action, on April 20, 2004, Auto-Owners filed this declaratory judgment action claiming it has no duty to defend or indemnify the defendants in the underlying state court action.  At the same time it filed the current action, Auto-Owners filed a motion to stay the state court proceedings pending this Court's determination of the declaratory judgment action.  On June 21, 2004, the state court entered an order staying the underlying tort action.  On April 5, 2005, this Court entered an order staying the declaratory judgment

case pending resolution of the state court action.  This Court denied Auto-Owners's first motion to lift the stay.  Upon learning of this Court's decline to life its stay of the declaratory judgment action, the state court lifted its stay of the tort action.  The state court action is currently active and discovery is ongoing.  Plaintiffs now move this Court to lift its stay in the declaratory judgment action.

## DISCUSSION

It is well settled that federal district courts "enjoy considerable discretion to decline to hear declaratory judgment actions concerning matters already pending in state court."  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942); see also Wilton v. Seven Falls Co., 515 U.S. 277, 286-287 (1995) (confirming that the discretionary standard governs a district court's determination of whether to dismiss "a federal declaratory judgment action during the pendency of parallel state court proceedings" noting that "distinct features of the Declaratory Judgment Act . . . justify a standard of vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of Colorado River and Moses H. Cone."). While the Court's decision to hear declaratory judgment actions is discretionary, such discretion does not mean that this Court "may do whatever it pleases." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005).

The Supreme Court and the Eleventh Circuit have defined a set of guidelines to aid in a district court's decision to decline jurisdiction under the Declaratory Judgment Act.  In general, where there is a related pending state court proceeding, the district

court should "examine the scope of the pending state court proceeding and the nature of defenses open there, considering whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Wilton, 515 U.S. at 283 (quotations and citations omitted).  Furthermore, the Eleventh Circuit has identified the following list of non-exhaustive factors which district courts may consider before making a determination regarding whether to abstain from a declaratory judgment action in favor of a parallel state court action:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'–that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;

>   (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
>   (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."

Roach, 411 F.3d at 1331 (noting that this list merely contains guideposts–it is not absolute, and no one factor is controlling).

Applying the guidelines recognized by this Circuit, the Court finds that this action should continue to be stayed pending resolution of the state court action. First, the state court has the complete controversy before it. This Court, on the other hand, has an incomplete set of parties and claims before it. Second, this Court has concerns as to whether Plaintiff has established the required amount in controversy to confer upon this Court subject matter jurisdiction. Furthermore, the state court is the forum of choice for the Defendant. Finally, allowing this case to proceed would amount to unnecessary and inappropriate "gratuitous interference" with the more encompassing state court litigation.

Therefore, based upon the rationale set forth above and in the overall interests of judicial economy and avoidance of duplicative and/or piecemeal litigation, the Court exercises its discretion to continue to stay this matter pending resolution of the state court action in accordance with this Court's previous Orders.

**SO ORDERED** this <u>2nd</u> day of August, 2006.

<u>S/ C. Ashley Royal</u><br>
C. ASHLEY ROYAL<br>
United States District Judge

SSH